IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,247-01






EX PARTE ALBERTO BARRETO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2008-1792-C1A IN THE 19th DISTRICT COURT


FROM McLENNAN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of attempted forgery
and sentenced to one year in the McLennan County jail. (1) He did not appeal his conviction. 

 Applicant contends that his plea was involuntary because counsel gave him erroneous advice
regarding his immigration status. Applicant has alleged facts that, if true, might entitle him to relief. 
Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim.
App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings
of fact. The trial court shall obtain an affidavit from counsel, or hold a hearing, to resolve the issues
raised in this application.

 If the trial court elects to hold a hearing, and the Applicant is no longer represented by habeas
counsel, it shall determine whether Applicant is indigent. (2) If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to Applicant's
claim that his plea was involuntary. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: February 10, 2010

Do not publish

1. The Applicant was sentenced pursuant to the provisions of Section 12.44(a) of the Texas
Penal Code.
2. The Applicant is currently represented by counsel.